EXTRAORDINARY WRIT

Notice To All Parties: An extraordinary writ is issued and the relief herein ordered is binding upon all parties to this matter. You are ordered to comply with the terms and conditions of this order. A failure to do so may result in a finding of contempt and the consequence may be a fine or imprisonment.
Extraordinary Writ Jurisdiction: A Petition for Extraordinary Writ has been filed in this court by the Petitioner. We have proper jurisdiction to hear this matter pursuant to Hopi Tribal Ordinance 21, § 1.2.6. The Ordinance states, in relevant part,
The Appellate Court shall have power to issue any writs or orders necessary and proper to the complete exercise of its jurisdiction, or to prevent or remedy any act of the Trial Court beyond such Court’s jurisdiction, or to cause a Trial Court to act where the Trial Court unlawfully fails or refuses to act within its jurisdiction, [emphasis added]
The Petitioner asserts that the Tribal Court has unlawfully refused to act within its jurisdiction. The Petitioner alleges that a complaint for a temporary restraining order was filed on April 4, 2007, and no court action has been taken upon the complaint. We take judicial notice of the Tribal Court’s record and find that a complaint for a temporary restraining order was filed on April 4, 2007, and no Tribal- Court action has been taken in response to the *307 complaint. We find that the failure of the Tribal Court to act on a Motion for a Temporary Restraining Order requires the invocation our extraordinary writ jurisdiction to remedy the inaction of the Tribal Court.
Grounds for Extraordinary Writ: The grounds for the issuance of an extraordinary writ are governed by our rules of procedure in the Hopi Indian Rides of Civil and Criminal Procedure (HIRCCP), Rule 35. The rule provides for relief where:
no other plain, speedy and adequate remedy exists, ... [and] where the relief sought is to compel any inferior tribunal, board or person to perform an act which the law specially enjoins as a duty resulting from an office, trust or station; ....
In this case, the Petitioner asserts that he has no other remedy available to correct the inaction of the Tribal Court. We agree and find that the Petitioner has no other remedy that is plain, speedy and adequate to assist him.
Petitioner also asserts that it is within the jurisdiction of the Tribal Court to issue a temporary restraining order, but it has refused to do so. The Tribal Court has jurisdiction to hear and issue a temporary restraining order pursuant to HIRCCP, Rule 34(b). We find that the Tribal Court upon receiving a complaint for a temporary restraining order is obliged to either issue or deny the requested relief in a timely manner. The Court’s failure to address such complaint is a violation of its duty. Here, we find it necessary to grant the extraordinary writ, to act where the Tribal Court has refused.
Temporary Restraining Order. A temporary restraining order is a temporary remedy which is often heard ex parte (only one side presents their case to the court). It is not intended to be a final determination of an underlying lawsuit, but an emergency remedy to prevent imminent and ongoing harm to the person seeking the order. Temporary restraining orders are governed by our procedural rule, Rule 34(b), HIRCCP.[1]
Pursuant to our rules, the Petitioner must show by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant. Courts may issue temporary restraining orders where the right of an individual may be so significant as to constitute a protected right. See Injunction as remedy against removal of public officer, 34 A.L.R.2d 554 (1954). Other factors that courts generally considered are whether the petitioner has a reasonable probability of succeeding on the merits and to balance the harm suffered if the temporary restraining order is denied. Fed.R.Civ.P.65 Section 2951. The Petitioner has asserted that the acts of the Respondents have prevented him from assuming his job as chairman and prevent him from hiring and maintaining staff. Importantly, as time elapses he will not be able to retain the staff he has selected as they will be forced to seek alternative employment, This will detrimentally affect his ability to perform the job of Chairman. In turn, the inability of the Chairman to perform his job adversely affects the entire Tribe. We agree and find that the Petitioner has shown immediate and irreparable injury.
*308 Because the lawfulness of the Tribal Council’s action is the basic conflict in this ease, it is important to understand that our ruling does not decide that issue.[2] Nor does issuance of a temporary restraining order indicate whether we believe the Council’s action was proper or improper. That issue is for the trial court to decide subject to the parties’ right of appeal. The ruling today is to prevent immediate and irreparable injury, loss, or damage based upon the limited evidence presented and we reserve our opinion on the issues until such time as they may be properly set before us.
THEREFORE IT IS ORDERED, that Petitioner’s motion and application for a temporary restraining order is granted and it is ordered as follows;
1. Respondents shall refrain from acting upon or enforcing Council Resolution # H-036-2007.
2. Respondents shall refrain from preventing Petitioner and his staff access to Executive offices and property.
3. Respondents shall accord during the pendency of this order all rights and privileges of the Office of Chairman to the Petitioner including wages and salaries due him and his staff.
4. This order is in effect for 15 days after its execution and expires of its own accord unless extended by either the Trial Court or by order of this Court.
5. Nothing in this order deprives the Trial Court of it jurisdiction to hear the underlying request for preliminary and permanent injunctive relief.

. A motion and application for a temporary restraining order invokes what is traditionally termed the equity jurisdiction of the court. The rules do not provide for an answer filed pursuant to Rule 7, HIRCCP. However, Re-spondettts' are entitled to notice and opportunity to be heard consistent with our rules to enable them to contest the longer term relief of preliminary or permanent injunction.

. It has been raised and argued that Respondents are not subject to lawsuit due to their legislative immunity. It is established law that this immunity does not extend to acts committed by Respondents when they act outside the scope of their jurisdiction and authority. As this is the primary issue in this case, we find that for the purposes of this extraordinary writ, legislative immunity does not shield Respondents from this order. As the underlying issue has yet to be decided, this may after adjudication be determined otherwise by the trial court.